IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MC ASSET RECOVERY, LLC, et al.  §
                                §
VS.                             §    CIVIL ACTION NO. 4:07-CV-076-Y
                                §
CASTEX ENERGY, INC., et al.     §

ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO QUASH

Before the Court is Defendants' Motion to Quash Plaintiff's Trial Subpoenas Addressed to Corporate Representatives (doc. 362). By the motion, Defendants seek an order quashing the trial subpoenas that Plaintiff has served upon Defendants and their former transactional attorneys at Baker Botts LLP ("Baker Botts"). The subpoenas call for Defendants to designate and prepare corporate representatives to testify at trial on sixty-four enumerated topics and for Baker Botts to produce a representative to testify on seven topics.

Under Federal Rule of Civil Procedure 45(c)(3)(A), the Court must quash or modify a subpoena that "(1) fails to allow a reasonable time for compliance; (2) requires a person who is not a party to travel more than 100 miles from where the person resides; (3) requires disclosure of privileged or protected matter; or (4) subjects a person to undue burden." *Tex. Keystone, Inc. v. Prime Natural Resources, Inc.*, 694 F.3d 548, 554 (5th Cir. 2012) (citation omitted) (internal quotation marks omitted). Defendants challenge Plaintiff's subpoenas on the ground that they are unduly

burdensome.   According to Defendants, Plaintiff is attempting "to use trial subpoenas as a discovery tool."  (Defs.' Reply 5.)

Rule 45 does not expressly authorize a party to subpoena a "corporate designee [to] testify 'vicariously' at trial" in the way that Rule 30(b)(6) does for a deposition.  *See Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 416, 434 (5th Cir. 2006). That said, if a corporate designee testifies at trial, "he should not be able to refuse to testify to matters as to which he testified at the deposition on grounds that he had only corporate knowledge of the issues, not personal knowledge."   *Id.* Extrapolating from these rules, the Court concludes that the trial subpoenas Plaintiff served on Defendants are proper only to the degree that they seek testimony that is within the scope of what was previously given by Defendants' corporate designee at his Rule 30(b)(6) deposition.

Accordingly, those subpoenas are MODIFIED such that all topics falling outside the scope of what was given at Defendants' prior Rule 30(b)(6) deposition are STRICKEN.  In the interest of clarity, and to avoid a mini-trial on the issue, such topics shall be deemed to include topics 43 through 64 in the subpoenas.  All topics falling within the scope of prior Rule 30(b)(6) deposition testimony--that is, topics 1 through 42--may remain part of the subpoenas and are fair game at trial (subject to other applicable evidentiary and procedural rules).

As far as the Baker Botts subpoena is concerned, the Court notes that "[o]rdinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought."  9A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 2459 (3d ed. 1998); *see also Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979) (concluding that movants lacked "standing to raise the issue of [the subpoenaed party's] amenability to the compulsory process of the district court since they [were] not in possession of the materials subpoenaed and ha[d] not alleged any personal right or privilege with respect to the materials subpoenaed"). Defendants make no claim of privilege in their principal brief. But in their reply, presumably taking their cue from Plaintiff's response brief, Defendants assert that "the testimony and documents at issue obviously involve attorney-client communications and/or work product." (Defs.' Reply 4.)  Because all that is required for standing is that Defendants claim a privilege, the Court is satisfied that Defendants have standing to challenge the Baker Botts subpoena.

That said, whether the Baker Botts subpoena actually "requires disclosure of privileged or protected matter," such that the subpoena should be quashed or modified, is a different matter. Fed. R. Civ. P. 45(c)(3)(A)(iii).  And Defendants bear the burden

3

of establishing that such a privilege applies here. *See In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001). While the Court agrees that, generally speaking, privilege issues are likely to arise when a party's former attorneys are subpoenaed, Defendants have provided no analysis showing specifically how the attorney-client privilege or the work-product doctrine make the Baker Botts subpoena impermissible.

Moreover, the Baker Botts subpoena does not strike the Court as an impermissible attempt to obtain discovery after the deadline. Plaintiff explains that one of the primary purposes behind the subpoena is to procure a records custodian to authenticate certain documents for introduction at trial. This, in the Court's view, is not tantamount to a post-discovery "fishing expedition." (Defs.' Reply 3.) And if Baker Botts finds the subpoena unduly burdensome or otherwise objectionable, it may avail itself of the protections offered by Rule 45. The Court declines, then, to quash or modify the Baker Botts subpoena.

In view of the foregoing, the Court GRANTS in part and DENIES in part Defendants' motion to quash Plaintiff's trial subpoenas.

SIGNED January 7, 2013.

_Terry R. Means_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE